**Edward N. MOBERY, Petitioner,**

v.

**DEPARTMENT OF the NAVY, Respondent.**

No. 02–3022.

United States Court of Appeals, Federal Circuit.

Sept. 6, 2002.

Before NEWMAN, RADER, and DYK, Circuit Judges.

PER CURIAM.

Edward N. Mobery appeals the final decision of the Merit Systems Protection Board, Docket Nos. AT0752941053–I–1 and AT3443010082–I–1, 90 M.S.P.R. 454 (August 14, 2001), denying his petition for review of two decisions dated January 4, 1995 (No. AT0752941053–I–1) and January 5, 2001 (No. AT3443010082–I–1). We *affirm*.

## BACKGROUND

Effective October 12, 1993, the Navy reassigned Mr. Mobery from a position as a Schools Officer in Italy to a position as a Budget Assistant at the Department of Navy Defense Activity for Nontraditional Educational Support in Florida. Mr. Mobery states that he was eligible for a GS–9 position, that he was assigned to a Budget Assistant (GS–7) position, and then reduced to an Education Technician (GS–5) position.

In September 1994 Mr. Mobery filed an appeal with the MSPB's Atlanta Regional Office, alleging an improper reduction in grade. The Navy argued that the reduction was proper because Mr. Mobery had not been qualified for the GS–7 Budget Assistant position, and that the reduction was inconsequential because the Navy provided Mr. Mobery with retained pay for two years. The administrative judge, in the 1995 initial opinion, found that the reduction did, in fact, harm Mr. Mobery because the reduced grade could be used for reduction-in-force purposes, and found that the Navy had failed to provide Mr. Mobery with minimum due process rights. The administrative judge ordered that the Navy restore Mr. Mobery to the GS–7 position retroactive to July 22, 1994.

On October 31, 2000, Mr. Mobery filed an appeal with the MSPB related to a then-pending EEO complaint he had filed on January 28, 1998. He alleged that the Navy either took or failed to take a variety of personnel actions, and required him to work under adverse conditions because of his race, sex, and age, and in reprisal for the alleged whistleblowing disclosures in the EEO action. The administrative judge dismissed the appeal for lack of jurisdiction, finding that Mr. Mobery was required to request corrective action by the Office of Special Counsel before taking whistleblowing issues to the MSPB.

Mr. Mobery filed an appeal with the full Board in February 2001. The Board then denied review, invoking its standard criteria of 5 C.F.R. § 1201.115.

## DISCUSSION

The Board's decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Mobery states that his appeal relates to material misrepresentations made to him and the administrative judge by the Navy in 1994, which resulted in his agreement in October or November of 1994 to a settlement that placed him in an position inferior to that which he would have accepted absent the misrepresentation. He states that the agency misrepresented that

there were no GS–9 Budget Analyst positions available in which he could be placed, that he was eligible for the GS–9 position as demonstrated by the "Stopper List," and that he settled for the GS–7 position with lower pay because of the misrepresentation. He states that he did not discover this misrepresentation until October 2000, during a phone conference related to his EEO complaint. Thus, he asserts that he should not be time barred from bringing this appeal and that the 1994 settlement should be declared invalid.

As a preliminary matter, the record does not show a completed settlement agreement between Mr. Mobery and the Navy in 1994, although it contains an unsigned agreement. A written summary of a November 1994 conference call, issued by the administrative judge, states that the agency offered "appellant in settlement a GS–7 Budget Assistant Position in Human Resources," but that "Appellant stated that he is not interested in the position at this time." Conference Call Summary (November 28, 1994), Docket No. AT0752941053–I–1. The administrative judge's decision of January 1995 held that the demotion must be reversed and Mr. Mobery restored retroactively to the GS–7 Budget Assistant position he previously occupied.

Mr. Mobery seeks on appeal to challenge the conditions of a settlement that he states he entered into during the course of his 1994 appeal to the Board, alleging fraud or misrepresentation. The Board denied that request, citing the absence of "new, previously unavailable evidence." Mr. Mobery had argued to the administrative judge that his whistle-blowing claim was based, in part, on his discovery during the EEO process that the agency misrepresented information that induced him to enter into the alleged settlement in 1994. This aspect is thus subsumed in the subject matter for which the administrative judge ruled, correctly, that it was necessary to proceed before the Office of Special Counsel. Mr. Mobery does not dispute that he had not filed a request for corrective action with the Office of Special Counsel. That action is essential. *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed.Cir.2001) (exhaustion of administrative remedies before the Office of Special Counsel is a prerequisite for Board jurisdiction over an individual right of action appeal). Mr. Mobery contends that the alleged settlement was involuntary. However, he has not shown that the administrative judge erred in treatment of this issue.

Mr. Mobery has not demonstrated reversible error in the Board's decision.

No costs.